TROUTMAN SANDERS LLP
Dean Morehous, Bar No. 11841
580 California Street, Suite 1100
San Francisco, CA 94104
Telephone: 415.477.5700
Facsimile: 415.477.5710
dean.morehous@troutman.com

TROUTMAN SANDERS LLP
Hugh M. McDonald, Bar No. 2420974
(*pro hac vice* pending)
875 Third Avenue
New York, NY 10022
Telephone: 212.704.6000
Facsimile: 212.704.6288
hugh.mcdonald@troutman.com

*Attorneys for Consolidated Edison Development, Inc.*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re: | Case No. 19-30088-DM |
| PG&E CORPORATION; PACIFIC GAS AND ELECTRIC COMPANY, | (Joint Administration Pending) |
| Debtors, | Chapter Number: 11 |
| PG&E CORP.; PACIFIC GAS AND ELECTRIC COMPANY, | **DECLARATION OF JAMES J. DIXON IN SUPPORT OF CONSOLIDATED EDISON DEVELOPMENT, INC.'S MOTION TO INTERVENE IN ADVERSARY PROCEEDING** |
| Plaintiffs, | |
| vs. | |
| FEDERAL ENERGY REGULATORY COMMISSION, | |
| Defendant. | |

# DECLARATION OF JAMES J. DIXON

I, James J. Dixon, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am employed by Consolidated Edison Development, Inc. ("CED") as Senior Vice President and Chief Operating Officer.

2. I submit this declaration in support of CED's *Motion to Intervene in Adversary Proceeding*. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the foregoing motion.

3. All facts set forth herein are based on my personal knowledge of CED's operations and/or information learned from my review of relevant documents. I am authorized to submit this declaration on behalf of CED and, if called upon to testify, I could and would testify competently to the facts set forth herein.

4. CED is a wholly-owned subsidiary of Con Edison Clean Energy Businesses, Inc., a division of Consolidated Edison, Inc., one of the nation's largest energy service companies. CED develops, owns, and operates large renewable and energy infrastructure projects, including solar facilities in the Northeast, large wind farms in the Midwest, and utility-scale solar operations in the Southwest.

5. CED has approximately 665 MW of renewable energy projects in California, Nevada, and Arizona that provide electricity and renewable energy credits to California and are the subject of Wholesale Contracts with PG&E, consisting of 15 solar projects in Arizona, California and Nevada totaling 563 MW and one wind project in California totaling 102 MW.

6. CED, through its affiliates, owns the following renewable energy resources in California: Alpaugh 50, LLC (50 MW), Alpaugh North, LLC (20 MW), CED White River Solar, LLC (20 MW), CED Corcoran Solar, LLC (20 MW), CED White River Solar 2, LLC (19.75 MW), CED Corcoran Solar 3, LLC (20 MW), CED Avenal Solar LLC (project A) (7.9 MW), CED Avenal Solar LLC (Project B) (7.9 MW), CED Oro Loma Solar LLC (Project A) (10 MW), CED Oro Loma Solar LLC (Project B) (10 MW), Coram California Development L.P. (102 MW), and Great Valley Solar 4, LLC (20 MW). CED through its

DECLARATION OF JAMES J. DIXON - 2 -

affiliates owns the following renewable energy resource in Arizona: Mesquite Solar 1, LLC (150 MW). CED through its affiliates owns the following renewable energy resources in Nevada: Copper Mountain Solar 2, LLC (150 MW), Copper Mountain Solar 1, LLC (48 MW), and Copper Mountain Solar 1, LLC (10 MW).

7. Under the terms of each CED Wholesale Contract, a subsidiary of CED owns and operates a generating facility and sells the energy and certain attributes (including, without limitation, "green attributes" such as Renewable Energy Certificates) generated thereby to PG&E to enable PG&E to, among other things, meet its resource adequacy and renewable energy requirements prescribed by the CPUC.

8. Attached hereto as **Exhibit A** is a true and correct copy of CED's *Motion to Intervene and Comment* filed in the FERC Action.

[*Remainder of page intentionally left blank*]

1  I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on January 30, 2019

_____
James J. Dixon

# Exhibit A

TROUTMAN SANDERS LLP
Gabriel Ozel, Bar No. 269098
gabriel.ozel@troutman.com
11682 El Camino Real, Suite 400
San Diego, CA 92130-2092
Telephone: 858-509-6000
Facsimile: 858-509-6040

TROUTMAN SANDERS LLP
Dean Morehous, Bar No. 111841
580 California Street, Suite 1100
San Francisco, CA 94104
Telephone: 415.477.5700
Facsimile: 415.477.5710
dean.morehous@troutman.com

[Additional Counsel Listed on Signature Page]

Attorneys for
CONSOLIDATED EDISON
DEVELOPMENT, INC.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION; PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Debtors | Adversary Proceeding No. 19-03003-DM<br><br>Case No. 19-30088-DM & 19-30089-DM<br><br>Chapter 11 |
| PG&E CORPORATION; PACIFIC GAS AND ELECTRIC COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERAL ENERGY REGULATORY COMMISSION,<br><br>Defendant. | **CONSOLIDATED EDISON DEVELOPMENT, INC.'S MOTION TO INTERVENE IN ADVERSARY PROCEEDING; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: February 27, 2019 |

**TO THE COURT, TO PLAINTIFFS PG&E CORPORATION AND PACIFIC GAS AND ELECTRIC COMPANY, AND TO DEFENDANT FEDERAL ENERGY REGULATORY COMMISSION:**

Consolidated Edison Development, Inc. ("CED") hereby moves (this "Motion"), pursuant to Rule 24 of the Federal Rules of Civil Procedure (the "FRCP"), made applicable to this adversary proceeding (the "Adversary Proceeding") by Rule 7024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to intervene in the Adversary Proceeding.

The Motion is based on the attached Memorandum of Points and Authorities, the concurrently filed declaration of James J. Dixon in support of the Motion, the complete files and records of the referenced matters, the arguments of counsel, and such other and further matters as this Court may consider at or before any hearing on this Motion.

Dated: January 31, 2019

TROUTMAN SANDERS LLP

By: /s/ Dean A. Morehous
Dean A. Morehous

TROUTMAN SANDERS LLP
Hugh M. McDonald, NY Bar No. 2420974
875 Third Avenue
New York, NY 10022
Telephone: 212.704.6000
Facsimile: 212.704.6288
hugh.mcdonald@troutman.com

Attorneys for
CONSOLIDATED EDISON
DEVELOPMENT, INC.

- 2 -

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

JURISDICTION ..........................................................................................................................1

BACKGROUND .........................................................................................................................1

    A.    CED's Wholesale Contracts With PG&E ...................................................... 1

    B.    The FERC Action........................................................................................... 2

    C.    The Bankruptcy Filing and Adversary Proceeding ....................................... 3

ARGUMENT ...............................................................................................................................3

    I.    CED May Intervene as a Matter of Right in the Adversary Proceeding................. 3

        A.    Section 1109(b) of the Bankruptcy Code Grants CED an Absolute Right to Intervene in the Adversary Proceeding. ......................................... 4

        B.    Absent Intervention, the Adversary Proceeding May Impair CED's Significantly Protectable Interests................................................................ 4

            1.    CED's Application is Timely................................................................ 5

            2.    CED Has a Significant Protectable Interest in the Subject Matter of the Adversary Proceeding. ............................................... 5

            3.    Denial of CED's Intervention Will Necessarily Impair CED's Ability to Protect its Interests............................................... 6

            4.    The Current Parties to the Adversary Proceeding Fail to Adequately Represent CED's Interests. .................................... 7

    II.    Alternatively, the Court Should Authorize CED's Permissive Intervention .......... 7

RESERVATION OF RIGHTS ....................................................................................................8

CONCLUSION ............................................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*In re Caldor Corp.,*
  303 F.3d 161 (2d Cir. 2002)..................................................................................4

*Citizens for Balanced Use v. Montana Wilderness Ass'n,*
  647 F.3d 893 (9th Cir. 2011)..................................................................................7

*Donnelly v. Glickman,*
  159 F.3d 405 (9th Cir. 1998)..................................................................................8

*In re Estate of Ferdinand E. Marcos Human Rights Litig.,*
  536 F.3d 980 (9th Cir. 2008)..................................................................................6

*In re Financial Oversight and Management Board for Puerto Rico for Puerto Rico,*
  872 F.3d 57 ..........................................................................................................4

*Phar-Mor, Inc. v. Coopers & Lybrand,*
  22 F.3d 1228 ........................................................................................................4

*Smith v. Los Angeles Unified Sch. Dist.,*
  830 F.3d 843 (9th Cir. 2016)..................................................................................5

*Sw. Ctr. for Biological Diversity v. Berg,*
  268 F.3d 810 (9th Cir. 2001)..................................................................................7

*Wilderness Soc. v. U.S. Forest Serv.,*
  630 F.3d 1173 (9th Cir. 2011)................................................................................5

**Statutes and Rules**

11 U.S.C. § 1109(b) ..................................................................................................4

Fed. R. Civ. P. 24 ............................................................................................. passim

Fed. R. Bankr. P. 7024 ..........................................................................................1,3

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Con Edison Development, Inc. ("CED") has approximately 665 MW of renewable energy projects in California, Nevada, and Arizona that are the subject of wholesale power purchase agreements ("Wholesale Contracts") with Pacific Gas and Electric Company ("PG&E," and, with PG&E Corporation, the "Debtors"). For the reasons stated in this Memorandum of Points and Authorities, CED should be permitted to intervene in the Adversary Proceeding. To avoid duplicative filings and argument, if permitted to intervene, CED will coordinate any pleadings with other interested parties who are similarly situated.

## JURISDICTION

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief requested in the Motion are § 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 24 of the Federal Rules of Civil Procedure (the "Federal Rules"), and Rule 7024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

**A.  CED's Wholesale Contracts With PG&E**

CED is a wholly-owned subsidiary of Con Edison Clean Energy Businesses, Inc., a division of Consolidated Edison, Inc., one of the nation's largest energy service companies. CED develops, owns, and operates large renewable and energy infrastructure projects, including solar facilities in the Northeast, large wind farms in the Midwest, and utility-scale solar operations in the Southwest.

CED has approximately 665 MW of renewable energy projects in California, Nevada, and Arizona that provide electricity and renewable energy credits to California and are the subject of Wholesale Contracts with PG&E, consisting of 15 solar projects in Arizona, California and Nevada totaling 563 MW and one wind project in California totaling 102 MW.

CED, through its affiliates, owns the following renewable energy resources in California: Alpaugh 50, LLC (50 MW), Alpaugh North, LLC (20 MW), CED White River Solar, LLC (20

MW), CED Corcoran Solar, LLC (20 MW), CED White River Solar 2, LLC (19.75 MW), CED Corcoran Solar 3, LLC (20 MW), CED Avenal Solar LLC (project A) (7.9 MW), CED Avenal Solar LLC (Project B) (7.9 MW), CED Oro Loma Solar LLC (Project A) (10 MW), CED Oro Loma Solar LLC (Project B) (10 MW), Coram California Development L.P. (102 MW), and Great Valley Solar 4, LLC (20 MW). CED through its affiliates owns the following renewable energy resource in Arizona: Mesquite Solar 1, LLC (150 MW). CED through its affiliates owns the following renewable energy resources in Nevada: Copper Mountain Solar 2, LLC (150 MW), Copper Mountain Solar 1, LLC (48 MW), and Copper Mountain Solar 1, LLC (10 MW).

Under the terms of each CED Wholesale Contract, a subsidiary of CED owns and operates a generating facility and sells the energy and certain attributes (including, without limitation, "green attributes" such as Renewable Energy Certificates) generated thereby to PG&E to enable PG&E to, among other things, meet its resource adequacy and renewable energy requirements prescribed by the California Public Utilities Commission ("CPUC").

**B.     The FERC Action**

On January 13, 2019, the Debtors announced their intent to file for bankruptcy protection "on or about January 29, 2019." On January 18, 2019, NextEra Energy, Inc. and NextEra Energy Partners, LP (together "NextEra") initiated an action before the Federal Energy Regulatory Commission ("FERC"), captioned *NextEra Energy, Inc., et al. v. Pac. Gas & Elec. Co.*, Docket No. EL19-35-000 (Jan. 18, 2019) (the "FERC Action").

On January 22, 2019, CED filed its *Motion to Intervene and Comment* in the FERC Action, a copy of which is annexed as Exhibit A to the Declaration of James J. Dixon in support of the Motion.

On January 25, 2019, FERC entered its *Order On Petition for Declaratory Order and Complaint* (the "FERC Order," a copy of which is attached as Exhibit 1 to the Adversary Complaint (as defined below)). The FERC Order confirmed that FERC's "exclusive authority to determine the reasonableness of wholesale electricity rates also extends to the rates, terms, and conditions of wholesale power agreements, as well as changes to those agreements." *Id.* ¶ 29. Consequently, FERC concluded that any party to a wholesale power purchase agreement under

- 2 -

Case: 19-03003    Doc# 16    Filed: 01/31/19    Entered: 01/31/19 12:19:22    Page 11 of 18

FERC's jurisdiction "must obtain approval from both the Commission and the bankruptcy court to modify the filed rate and reject the contract, respectively." *Id.* ¶ 28 (emphasis added).

As of the date hereof, the Debtors have not sought rehearing or appellate review of the FERC Order in the circuit courts in accordance with the FPA. *See* 16 U.S.C. § 825l(b) (federal circuit courts of appeal have exclusive jurisdiction to "affirm, modify, or set aside" FERC orders).

C.   **The Bankruptcy Filing and Adversary Proceeding**

On January 29, 2019, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. That same day, the Debtors filed a *Complaint for Declaratory Judgment and Preliminary and Permanent Injunctive Relief* (Adv. Docket No. 1) (the "Adversary Proceeding") and a *Motion for Preliminary Injunction and Memorandum of Points and Authorities in Support* (Adv. Docket No. 2) (the "Injunction Motion").

The Adversary Complaint seeks a declaratory judgment – contrary to the FERC Order – that the Bankruptcy Court has exclusive jurisdiction over the any rejection of FERC-regulated executory power purchase agreements ("PPAs") by the Debtors and that FERC has no jurisdiction, concurrent or otherwise, to determine whether the rejection of PPAs (including CED's Wholesale Contracts) should be authorized. They further seek to enjoin any enforcement of the FERC Order by FERC or any other entity.

The Debtors have stated in their papers that CED's Wholesale Contracts are among the PPAs they may be considering for rejection. *See Declaration of Fong Wan in Support of Injunction Motion* at ¶ 1 and Exhibit 1.

**ARGUMENT**

I.   **CED May Intervene as a Matter of Right in the Adversary Proceeding**

Federal Rule 24, as made applicable to adversary proceedings by Bankruptcy Rule 7024, provides for intervention as a matter of right to anyone who:

(1)   is given an unconditional right to intervene by federal statute; or

(2)   claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter

- 3 -

Case: 19-03003   Doc# 16   Filed: 01/31/19   Entered: 01/31/19 12:19:22   Page 12 of 18

impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). Although this is a disjunctive standard, CED satisfies both prongs.

A. **Section 1109(b) of the Bankruptcy Code Grants CED an Absolute Right to Intervene in the Adversary Proceeding.**

As a counterparty to Wholesale Contracts with PG&E, CED has an unconditional right to intervene in the Adversary Proceeding pursuant to § 1109(b) of the Bankruptcy Code.

Section 1109(b) of the Bankruptcy Code provides in pertinent part:
A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

11 U.S.C. § 1109(b). Bankruptcy courts have broadly interpreted § 1109(b) of the Bankruptcy Code to include a right to intervene in all adversary proceedings associated with an underlying bankruptcy. *See In re Financial Oversight and Management Board for Puerto Rico for Puerto Rico,* 872 F.3d 57, 63 Bankr. Ct. Dec. (CRR) 173 (1st Cir. 2017); *In re Caldor Corp.,* 303 F.3d 161, 176 (2d Cir. 2002); *Phar-Mor, Inc. v. Coopers & Lybrand,* 22 F.3d 1228, 1241 (3d Cir. 1994.

Under § 1109(b), CED is a party in interest because it is a counterparty to the Wholesale Contracts, which are property of PG&E's estate. Moreover, as noted above, PG&E has stated in their papers that CED's Wholesale Contracts are among the PPAs they may be considering for rejection. *See Declaration of Fong Wan in Support of Injunction Motion* at ¶ 1 and Exhibit 1. Therefore, CED has an absolute right to intervene in the Adversary Proceeding.

B. **Absent Intervention, the Adversary Proceeding May Impair CED's Significantly Protectable Interests.**

An applicant is permitted to intervene as of right under Federal Rule 24(a)(2) if it satisfies the following requirements:

(1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

- 4 -

*Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011); *see also Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016). The Ninth Circuit has instructed courts to interpret these requirements "broadly" and "in favor of intervention." *Smith*, 830 F.3d at 853 (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)) (internal quotation marks omitted).

The Adversary Proceeding seeks to give PG&E the ability to collaterally attack the FERC Orders in this Court and then potentially the ability to reject Wholesale Contracts, including CED's Wholesale Contract. The Adversary Proceeding is clearly directed against Wholesale Contract counterparties. For the reasons set forth below, CED satisfies each of the requirements for intervention under Federal Rule 24(a)(2) and should be permitted to intervene in the Adversary Proceeding.

### 1. CED's Application is Timely.

The Debtors commenced the Adversary Proceeding on February 29, 2019, and CED's application followed one day later. When determining whether an application is timely, courts assess the following factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Smith*, 830 F.3d at 854 ("Timeliness is determined by the totality of the circumstances facing would-be intervenors. . . ."). Here, the Adversary Proceeding remains in its infancy. As soon as CED realized that FERC was unable to protect its interests, it filed the Motion. And CED's intervention in the Adversary Proceeding will prejudice neither the Debtors nor FERC. Based on the totality of the circumstances, CED's application is timely.

### 2. CED Has a Significant Protectable Interest in the Subject Matter of the Adversary Proceeding.

The Ninth Circuit has developed the following "analytical framework" to determine whether a proposed intervenor has a significant protectable interest for purposes of Federal Rule 24(a)(2):

> An applicant has a "significant protectable interest" in an action if (1) it asserts an interest that is protected under some law, and (2) there is a "relationship" between its legally protected interest and the plaintiff's
- 5 -

claims. The relationship requirement is met if the resolution of the plaintiff's claims actually will affect the applicant. The "interest" test is not a clear-cut or bright-line rule, because no specific legal or equitable interest need be established. Instead, the "interest" test directs courts to make a practical, threshold inquiry, and is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.

*In re Estate of Ferdinand E. Marcos Human Rights Litig.*, 536 F.3d 980, 984–85 (9th Cir. 2008) (quoting *S. California Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002)).

Under this framework, CED has a significant interest in having the FERC Order enforced, which the Federal Power Act (FPA) specifically protects in two ways. First, the FPA grants FERC exclusive jurisdiction over the rates, terms, and conditions of interstate transmission, including interconnection and wholesale sales of electricity.[1] Second, the FPA prohibits collateral attacks on FERC's orders. It provides that the aggrieved party must exhaust FERC's rehearing procedures before obtaining judicial review from a circuit court of appeals, which are the only courts with jurisdiction to affirm, modify, or set aside a FERC order.[2]

More than that, the Debtors' claims in the Adversary Proceeding directly impact CED. The Debtors have essentially asked this Court to allow them, if they choose, to reject wholesale power agreements like CED's without the protections of the FPA and FERC review. Indeed, the Debtors failed to even name CED as a party—even though CED is a party to the FERC Action. This effectively deprives CED of its due process rights. Therefore, there is a direct relationship between this Adversary Proceeding and CED's interest in the Debtors' continued performance under the Wholesale Contracts.

3. **Denial of CED's Intervention Will Necessarily Impair CED's Ability to Protect its Interests.**

CED has a substantial protectable interest in having this Court respect the FERC Order. And whether this Court will do so is the main issue to be litigated in this Adversary Proceeding. If the Debtors are ultimately successful, they will have the ability to reject the Wholesale Contracts without first obtaining FERC's approval. And because the FERC Action will be stayed, CED will

---

[1] *See* 16 U.S.C. §§ 824, 824d, 824e.
[2] *See id.* § 825*l*(b).

TROUTMAN SANDERS LLP
875 THIRD AVENUE
NEW YORK, NY 10022

have no other means other than intervention in this Adversary Proceeding to protect itself. Therefore, as practical matter, disposition of the Adversary Proceeding will necessarily affect CED and intervention is warranted under the circumstances. *See Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) ("If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene . . . .").

### 4. The Current Parties to the Adversary Proceeding Fail to Adequately Represent CED's Interests.

As courts have recognized, the applicant's burden on this element for intervention under Federal Rule 24(a)(2) is "minimal." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir. 2001). Indeed, "the applicant need only show that representation of its interests by existing parties 'may be' inadequate." *Id.*

There are only three parties to the Adversary Proceeding: the two Debtors and FERC.[3] Clearly the Debtors' interests are directly opposed to CED's. And FERC is a government regulatory agency that, unlike CED, has no pecuniary interest in PG&E's continued performance of the Wholesale Contracts. FERC also lacks specific knowledge of CED's Wholesale Contracts and relationship with PG&E. CED should not be required to rely upon FERC (or the Debtors) to vindicate its interests.

## II. Alternatively, the Court Should Authorize CED's Permissive Intervention

In the alternative, CED seeks permission to intervene under FRCP 24(b), as incorporated by Bankruptcy Rule 7024, which provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1). Thus, a movant seeking permissive intervention must meet the following requirements: "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). These requirements are met here.

---
[3] NextEra has also filed a motion to intervene in the Adversary Proceeding.

- 7 -

As detailed above, the threshold question of whether and to what extent a bankruptcy court may authorize rejection of a FERC-regulated contract is a "common question of law" shared by the FERC Action, this Adversary Proceeding, and any eventual motion to reject the CED Wholesale Contracts. Moreover, because this Motion was filed the day after the Debtors commenced their bankruptcy cases and this Adversary Proceeding, there can be no "undue delay or prejudice [in] the adjudication of the original parties' rights" if permissive intervention is granted. FED. R. CIV. P. 24(b)(3). Finally, because CED does not seek to bring any new claims through its intervention, it need not demonstrate an independent basis for jurisdiction. *See Freedom from Religion Found.*, 644 F.3d 836, 844 (9th Cir. 2011).

Accordingly, permissive intervention is appropriate here.

## **RESERVATION OF RIGHTS**

Nothing contained herein is intended to or should be construed as: (i) an admission as to the validity of any claim asserted by the Debtors in the Adversary Proceeding; (ii) a waiver of any right of CED under the Bankruptcy Code or any other applicable law; or (iii) consent by CED to the jurisdiction of the Bankruptcy Court with respect to the subject matter of the Adversary Proceeding, or any other proceeding commenced in connection with the subject matter thereof.

## **CONCLUSION**

For the reasons stated in this Memorandum of Points and Authorities, CED respectfully requests that the Court enter an order (i) granting this Motion, (ii) authorizing CED to intervene in the Adversary Proceeding, and (iii) granting such other and further relief as is just and proper.

- 8 -

Dated: January 31, 2019					TROUTMAN SANDERS LLP

By: _____
    Dean A. Morehous

TROUTMAN SANDERS LLP
Hugh M. McDonald, NY Bar No. 2420974
(pro hac vice *pending*)
875 Third Avenue
New York, NY 10022
Telephone:    212.704.6000
Facsimile:    212.704.6288
hugh.mcdonald@troutman.com

Attorneys for
CONSOLIDATED EDISON
DEVELOPMENT, INC.