PILLSBURY WINTHROP SHAW PITTMAN LLP
PHILIP S. WARDEN (54572)
philip.warden@pillsburylaw.com
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1000
Facsimile: 415.983.1200

HUGH M. RAY, III (24004246) (*pro hac vice pending*)
hugh.ray@pillsburylaw.com
900 Fannin, Suite 2000
Houston, TX 77010
Telephone: 713.276.7600
Facsimile: 713.276.7673

Counsel to Chevron U.S.A. Inc.

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE:**<br><br>**PG&E CORPORATION; PACIFIC GAS AND ELECTRIC COMPANY**<br><br>Debtors. | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br>(Jointly Administered)<br><br>Adversary Proceeding No. 19-03003 DM |
| **PG&E CORPORATION; PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>Plaintiffs,<br><br>v.<br><br>**FEDERAL ENERGY REGULATORY COMMISSION,**<br><br>Defendant. | **CHEVRON U.S.A. INC.'S JOINDER AND AMICUS BRIEF IN SUPPORT OF COMPLAINT AND MOTION FOR PRELIMINARY INJUNCTION (DOCKET #1 AND #2)** |

TO THE COURT, TO PLAINTIFFS PG&E CORPORATION AND PACIFIC GAS AND ELECTRIC COMPANY, AND TO DEFENDANT FEDERAL ENERGY REGULATORY COMMISSION:

Case: 19-03003  Doc# 75  CHEVRON U.S.A. INC'S JOINDER AND AMICUS BRIEF  Filed: 02/12/19  Entered: 02/12/19 17:45:14  Page 1 of 5

4843-5025-4216.v1

Chevron U.S.A. Inc. and certain of its subsidiaries or affiliates[1] ("Chevron") hereby files this amicus brief in support of the relief sought by Plaintiffs in the Adversary Proceeding.

I. **SUMMARY**

Chevron supports PG&E[2] in the Adversary Proceeding. In the DNA of every bankruptcy case is a debtor that breaches prepetition contracts, often including contracts subject to governmental regulation. It would disturb the foundation of the bankruptcy process to allow a governmental agency to supplant a bankruptcy court's decisions on what contracts a debtor can reject. If the Federal Energy Regulatory Commission ("FERC") has this power, what other federal regulatory agencies have it? Why did Congress enact sections 106, 362 and 525 of the Bankruptcy Code?

The Bankruptcy Code was enacted later than the Federal Power Act ("FPA") (from which FERC derives its authority) and is more specific. Therefore, if there is a direct conflict in the statutes, the Bankruptcy Code must prevail over the FPA.

II. **LEGAL BACKGROUND**

Congress did not intend to create dueling jurisdictional authority between the FERC and the bankruptcy court. Each body derives its authority from different statutory schemes. In the 1920's, Congress began regulating electricity with the Federal Power Act ("FPA") and created the Federal Power Commission ("FPC"). The FPC became FERC in 1977. In 1984, after the Supreme Court's holding in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*,[3] Congress enacted the Bankruptcy Amendments and Federal Judgeship Act of 1984 to give United States District Courts their exclusive jurisdiction over property of a debtor's estate.

If there were a conflict between the two "exclusive" jurisdictions of the FERC and a

---

[1] Including the following: Chevron Products Company, Coalinga Cogeneration Company, Kern River Cogeneration Company, Salinas River Cogeneration Company, and Sargent Canyon Cogeneration Company.
[2] Pacific Gas and Electric Company ("PG&E,", together with PG&E Corporation, the "Debtors").
[3] *N. Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982)

Case: 19-03003    Doc# 75    Filed: 02/12/19    Entered: 02/12/19 17:45:14    Page 2 of 5

4843-5025-4216.v1

Bankruptcy Court, the Court should interpret that the Bankruptcy Court's newer, more specific, enabling statute as overriding FERC's earlier, more general, jurisdictional statute. Ordinary rules of statutory construction support the conclusion that the FPA does not control over the Bankruptcy Code. First among these is the rule that the later-enacted statute controls, even where the older statute contains "literal, unconditional text" and "has not been expressly amended." *U.S. v. Estate of Romani*, 523 U.S. 517, 518 (1998)(citing cases). Second, "(w)here there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment." *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (1976). Although repeals by implication are disfavored, the Bankruptcy Code (including sections 106, 362, 365, 525, and 541) and 28 U.S.C. § 1334 meet the first of "two well-settled categories of repeals by implication…where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one." *Radzanower*, 426 U.S. at 154.

Postpetition action by FERC to generally "regulate" whether a debtor may reject a power purchase agreement runs contrary to several specific sections of the Bankruptcy Code: sections 106, 362(a), 365, 525, and 541, as well as 28 U.S.C. §1334 and 157(b)(2). Irreconcilable conflict does not exist if the more restrictive statute (the Bankruptcy Code) does not "unduly interfere" with the operation of the other general statute (here, the FPA). *Radzanower*, 426 U.S. at 156. But it is impossible for the FERC to issue postpetition orders restricting rejection under section 365 without directly interfering with the Bankruptcy Code and the process set out by Congress.

But perhaps there is no conflict, as FERC regulates pricing/modification of power sale contracts, but a *breach* of contract is not a *modification*. Rejection is a breach, not a termination or modification. FERC cannot force a chapter 11 debtor to buy power—especially since that debtor is a fiduciary of all creditors. The consequences of a rejection/breach are a claim, and jurisdiction over the claim belongs to the bankruptcy court alone.

Case: 19-03003    Doc# 75    Filed: 02/12/19    Entered: 02/12/19 17:45:14    Page 3 of 5

4843-5025-4216.v1

Chevron holds numerous prepetition agreements with PG&E that include power purchase agreements and agreements for the sale of natural gas (among others). Chevron supports PG&E because PG&E is seeking to enforce the Automatic Stay and the absolute priority rule.

### III. CHEVRON'S POSITION

#### A. Chevron's Agreements with the Debtors

In addition to selling electricity under a power purchase agreement, Chevron provides natural gas and other services to PG&E and consumes significant electricity from PG&E and have other agreements. Chevron and PG&E have a longer and more complex business relationship than other producers, as Chevron has been providing electricity and fuel to PG&E for decades. Due to the nature of their long relationship, the PG&E bankruptcy involves issues for Chevron that are more complex and nuanced than the binary issue of rejection of power purchase agreements.

#### B. FERC Threatens an Automatic Stay and Absolute Priority Rule Violation

The Automatic Stay of 11 U.S.C. § 362(a) exists for the benefit of both debtors and creditors. Only the home bankruptcy court can authorize the estate to make distributions, pay debts, and reject or honor contracts. For some other body to purport to authorize (or restrict) the estate's core functions violates the Automatic Stay by 1) continuing a proceeding against a debtor and 2) taking control over property of the estate.[4]

The absolute priority rule predates the Bankruptcy Code and was integrated into the Code's requirement of a waterfall of payment priorities with equal pro-rata distributions to the last priority paid. FERC should not have the power to alter that payment scheme. The Court should equally protect all creditors of the same priority, including those with non-FERC contracts.

---

[4] While the police power exception of §362(b)(4) permits a governmental entity to commence or continue a proceeding, it does not permit the enforcement of that action, or control over property of the estate absent a lifting of the stay. 3 Collier on Bankruptcy P 362.05 (16th 2018).

## IV. CONCLUSION

The Debtors briefed the legal issues well, and those need not be recopied here. However, the real-world factual impracticality of a FERC decision demonstrates the prudence of Congress in establishing a single exclusive forum for determining core matters, such as contract rejection. Had Congress wanted to, it could have written in an exception to the bankruptcy Code for FERC in sections 106, 362, or 365. Since it did not, the bankruptcy case remains the exclusive forum to resolve power purchase agreement rejection issues.

Dated: February 12 2019

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: */s/ Philip S. Warden*
PHILIP S. WARDEN

Counsel to Chevron U.S.A. Inc.